## Grant v. Collins.

(Decided January 21, 1914.)

Appeal from Jefferson Circuit Court.
(Common Pleas Branch, Fourth Division).

1. Landlord and Tenant—Lease—Renewal—Rent.—Under a lease for less than a year which provided that the tenant might renew it

for a year longer on the same terms, and that if he remained in possession after the term with or without the consent of the landlord, he might be evicted, the tenant by holding over and paying rent did not renew the lease and is not liable for rent beyond the time he occupied the property.

2. Landlord and Tenant—Lease—Renewal.—A provision in a lease giving the tenant the privilege of renewing it, is to be distinguished from a provision giving him the privilege of a longer term, and to exercise his option he must renew the lease as provided in the instrument.

W. H. DOSKER for appellant.

SAMUEL S. BLITZ for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

Hilton Collins on December 14, 1910, leased a portion of an apartment building in Louisville to John Peter Grant "for a term extending to September 1, 1911, with privilege to renew for a year from September 1, 1911, upon the same terms as herein agreed upon." The lease also contained this clause:

"Should the lessee continue to occupy the premises after the expiration of said term, or after a forfeiture incurred whether with or against the consent of the lessor, such tenancy may be terminated at any time at the option of the lessor."

Grant held the apartment during the term specified in the lease, and remained over in the property without renewing the lease from September 1, 1911, until May 1, 1912, when he vacated the property. By the terms of the lease, the rent, $50 a month, was payable monthly. He paid the rent monthly up to the time that he left the property. This suit was brought against him by Collins to recover the rent at $50 a month from May 1 to September 1, 1912, on the ground that by remaining in the property and paying the rent as stipulated in the lease, he had exercised his option to renew the lease for a year from September 1, 1911, although no new lease had been executed. Section 2296, Kentucky Statutes, provides:

"If by contract a tenancy for less than a year is to expire on a certain day, the tenant shall abandon the premises on that day unless by express contract he secures the right to remain longer. If without such contract the tenant shall hold over he shall not thereby acquire any right to hold or remain on the premises for thirty days after said day, and the possession may be

recovered without demand or notice if proceedings are instituted within that time. But if proceedings are not instituted within said time, then none shall be allowed until the expiration of sixty days from the day the tendency expired, and at the end of said sixty days the tenant shall abandon the premises without demand or notice, or stand in the same relation to his landlord that he did at the expiration of the tenancy aforesaid, and so on from time to time, until he abandons the premises, is turned out of possession, or makes a new contract."

As Grant's original term under the lease was for less than a year the case falls within this statute unless it is taken out of the statute by the fact that under the lease he had the privilege to renew it for a year from September 1, 1911, upon the same terms and that he remained in the property after September 1, 1911, paying the rent as before. The circuit court held that this took the case out of the statute and gave judgment against Grant for the rent up to September 1, 1912. Grant appeals.

In Taylor on Landlord and Tenant Section 332. the rule is thus stated:

"Although it is held tha. an aditional term, granted under the covenant to renew, is not a new demise but an extension of the original term, yet under the ordinary form of lease there is a distinction between a stipulation to renew the lease for an additional term and a stipulation to extend it for an additional term, since the former requires the making of a new lease and the latter does not."

In Wood on Landlord and Tenant, section 416, the rule is thus stated:

A covenant by the landlord to renew the lease for a second term, being a contract to give a new lease, does not give a tenant a right at law to retain possession of the premises demised after the expiration of the original term. If the landlord refuses to comply with this covenant the tenant has a remedy in equity, or in an action upon the covenants."

In Brown v. Samuels, 24 R. 1216, Samuels leased to Brown certain premises "for the period of five years with the privilege of five years more." The court after pointing out the distinction taken between a privilege to renew the lease and the privilege of an additional term, held that Brown by remaining in possession exercised his privilege of five years more, and could not be dis-

possessed under a writ of forcible detainer. But the question as to what would be the rights of the parties if the lease had conferred on the lessee the privilege to renew the lease, was not before the court in that case; as under all the authorities, the tenant by remaining in possession under "the privilege of five years more," had exercised his option to keep the property. In the subsequent case of Kentucky Lumber Co. v. Newell, 32 R., 396, the lease was for a period of five years "with privilege of renewal from year to year at the same rent per annum as long as second party may want said land." The tenant had remained in possession of the property for several years after the expiration of the five year period paying the rent as stipulated in the lease, and having failed to make one payment at the time specified in the lease by a mistake of one of its officers, the owner of the property undertook to dispossess it. Stating the law of the case the court said:

"According to the weight of authority in the adjudged cases, a lease for a term from year to year so long as the lessee wanted the land is a present demise, and the lessees remaining in posession is an extension of the lease without renewal or without notice. A distinction is sometimes recognized between a covenant to renew a lease, and a provision for an extension of the term at the option of the lessee. (Brown v. Samuels, 24 Ky. Law Rep., 1216.) But we apprehend that the intention of the parties to the instrument is the controlling thing. If they contemplated that a new lease was to be executed before the lessee would have the right to retain the premises beyond the original term, then such renewal ought to be executed. But if their intention was that the lessee should have the right to retain the premises after the expiration of the original term, but upon the same terms of payment, and so forth, without the necessity of entering into a new lease, then of course the matter should be alowed to go that way. The office of judicial construction is simply to arrive at and effectuate the original intention of the parties as evidenced by their document."

The court then proceeded to show that under all of the facts the parties in using the word "renewal" did not contemplate a renewal of the lease as that term is used in the law books; and held the tenant entitled to the possession of the property. The rule stated in

Taylor on Landlord and Tenant and in Wood on Landlord and Tenant is based on Orton v. Noonan, 27 Wis., 273, and Tilleny v. Knoblauch, 73 Minn., 108. Orton v. Noonan was decided in favor of the landlord in the circuit court and was affirmed in the Supreme Court by an equally divided court, but has since been regarded as the law of Wisconsin. (Kellog v. Scribner, 98 Wis., 104.) In Tilleny v. Knoblauch, 73 Minn., 108, the lease provided that the lessee might have the same renewed at a rent to be fixed by appraisement, by giving notice to that effect three months before the term expired; that each party should name an appraiser, and the two should name a third, and that if either failed to name one, the other could apply to a district judge to name two, the three to appraise and value the property, the rent to be 5 per cent per annum of such value. By reason of the verbal promise of the lessor to appoint appraisers at a given time, the lessee failed to give notice until it was six days too late; it was held that he did not substantially comply with the terms of the lease, and might be evicted under a warrant of forcible detainer. The rule that a renewal of the lease is necessary under such a clause is also supported by the following cases: Shamps v. White, 106 Cal., 220; Renoud v. Daskam, 34 Conn., 512; and the distinction between such a clause and one providing for an extension of the lease is pointed out in Delasham v. Berry, 20 Mich., 292.

On the other hand, in Hill v. Spaulding, 42 N. H., 259, and Ranlet v. Cook, 44 N. H., 512, under leases giving the tenant the privilege of renewal for a further term, it was held that the tenant by remaining in possession and paying the rent, exercised his option. But these cases when analyzed are very similar to Kentucky Lumber Company v. Newell above refered to. In Ferguson v. Jackson, 180 Mass., 557, the lease provided that the lessee should have the privilege of renewal for the period of two years at a certain increased rental provided three months' notice was given. The lessee gave the required notice but no new lease was executed, and continued to ocupy the premises. It was held that the tenant could not be evicted by forcible detainer; that his possession was rightful. But there he had given the notice as required by the lease and the landlord had ac-

cepted the rent, thus clearly showing what the intention of the parties was.

In Insurance Company v. National Bank, 71 Mo., 58, the lease provided that the tenant should have the privilege of renewal for a further term at the same rent, and contained a covenant for the payment of double rent after the expiration of the term. The tenant held over for a number of years paying rent as reserved in the lease, and not double rent. It was held that he was rightfully in possession, and that the conduct of the landlord in accepting single rent showed that the tenant was holding under the renewal option. The apparent conflict in the cases as will thus be seen, turns rather on the difference in the facts than on a different conception of the law. An option to renew a lease is similar to an option to renew any other obligation.

We therefore conclude that the distinction between an option to renew a lease and an option for an extended term is supported by the clear weight of authority, and must be maintained unless, as held in Kentucky Lumber Co. v. Newell, there is enough in the lease to show that the parties in fact intended that the lessee should have the right to retain the premises beyond the original term without the execution of a renewal lease. In the case at bar the provision of the lease that Grant should have the property for a term extending to September 1, 1911, with privilege to renew for a year from September 1, 1911, must be read in connection with the provision of the lease that should the lessee continue to occupy the premises after the expiration of the term, the tenancy may be terminated at any time at the option of the lessor; and when the lease is so read it must mean that Grant may hold the premises for a term extending to September 1, 1911, with privilege to renew for a year from September 1, 1911, but that should he continue to occupy the premises after September 1, 1911, without renewing the lease, with or without the consent of the lessor, the tenancy may be terminated at any time at the option of the lessor. This being the meaning of the lease, Section 2296 Ky. St. applies. Its purpose is to define the rights of the parties and thus avoid uncertainty and litigation. Under the facts stated, Grant was not liable for the rent for the remainder of the year after he vacated the premises.

Judgment reversed and cause remanded for further proceedings consistent herewith.