## Royal Neighbors of America v. Spore, et al.

(Decided October 29, 1914.)

Appeal from McCracken Circuit Court.

Insurance—Mutual Benefit Insurance—Actions for Benefits.— Where the uncontradicted evidence shows the falsity and materiality of the answers to certain questions contained in the application and medical examination pursuant to which a benefit certificate was issued, there was nothing to submit to the jury; and the trial court should have peremptorily instructed the jury to find for the defendant.

EATON & BOYD for appellant.

BERRY & GRASSHAM for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

In August, 1911, Martha Susan Smith applied to the Royal Neighbors of America, a fraternal insurance organization, for a benefit certificate in the sum of five hundred dollars, which was issued to her September 9, 1911. She died on August 8, 1913, and the insurance or-

ganization having refused to pay the amount of the policy, suit was filed against it in the McCracken Circuit Court by the beneficiaries under the benefit certificate, and upon a trial, they recovered a verdict and judgment; and the defendant appeals.

The insurance society defended upon the ground of the falsity and materiality of certain answers made by the insured in the application and medical examination, which are here stated:

"Q. No. 17. Are you now of sound body, mind and health, and free from disease or injury; of good character and exemplary habits; and a believer in a Supreme Being? A. Yes. Q. No. 18a. Have you within the last seven years consulted any person, physician or physicians, in regard to personal ailments? A. No. Q. 21a. Have you within the last three years used any patent or proprietary medicine? A. No. Q. 21i. Have you ever had any local disease, personal injury or illness of any kind or nature. A. No. Q. 25. Have you ever had any disease of the following-named organs or any of the following named diseases or symptoms? Cancer? No. Gall-stones? No. Disease of the bladder? No. Disease of the liver? No."

Defendant proved by Dr. H. P. Sights that he had treated the insured for six years prior to July 1, 1909, for attacks of inflammation of the liver and a catarrhal condition of the gall-duct and bladder; and that he informed her that her liver was affected, and gave her admonitions concerning a proper diet for one so affected.

It was shown by Dr. J. T. Reddick that he at intervals treated insured from November 13, 1910, until her death; that when he was first called, on November 13, 1910, he diagnosed her disease as gall-stone colic and catarrhal inflammation of the liver, and he treated her therefor from time to time until her death; that she died of cancer of the liver, gall-stones, inflammation of the gall-duct and other complications.

Mrs. Belle Middleworth testified that she was acquainted with the insured for twenty-five years prior to her death; that during the four or five last years of her life, insured was in poor health, and complained frequently of stomach trouble and other ailments.

The benefit certificate issued to the insured and the application and the by-laws, all contain stipulations that the answers in the application are literally true; and if false, the benefit certificate shall be void.

The defendant then showed by Dr. Reddick, by an insurance agent, and by stipulation as to what the officers of defendant organization would testify (the stipulation being made to save the cost of taking the depositions) that had the answers to the questions mentioned been in the affirmative, especially those with reference to the gall-stones, diseases of the liver, and cancer, the defendant, acting as a reasonably prudent insurance organization would not have issued the benefit certificate sued upon. The defendant thus showed the falsity as well as the materiality of the answers involved; and this evidence is uncontradicted.

In an attempt to contradict the evidence of defendant's witnesses relative to the health of the insured at the time the application for insurance was made, plaintiffs introduced as witnesses, Mrs. Cassella Luch and Mrs. Clara Graham, neighbors of the insured, who testified in substance that aside from occasional bilious attacks and cramping spells, the deceased enjoyed average health prior and subsequent to the issual of said certificate, until May, 1913, when she was taken with the illness which terminated in her death; that all along during said time previous to her last illness she did laundry work for herself and for others in addition to her ordinary household duties. Both of these witnesses, however, corroborated Dr. Sights and Dr. Reddick relative to their having treated deceased during the time testified to by them. Plaintiffs offered no other evidence. This testimony presented nothing inconsistent with or contradictory of that produced by defendant as to the falsity and materiality of the answers to the questions mentioned. There was therefore nothing to submit to the jury, and the trial court should have directed the jury to find a verdict for the defendant. N. C. K. & L. of Security v. Wilson, 147 Ky., 293 and cases therein cited: Knights of Maccabees v. Shields, 156 Ky., 270.

The plaintiffs, however, should have a return of the premiums paid. Knights of Maccabees v. Shields, 157 Ky., 36.

Judgment reversed for proceedings consistent with this opinion.