## Miller v. Albany Lodge No. 206, F. & A. M., et al.

(Decided March 1, 1916.)

### Appeal from Clinton Circuit Court.

Landlord and Tenant—Privilege of Extending Term—Holding Over —Effect.—Under a lease at a fixed rental for one year "with option at same rate for five years," a holding over by a tenant after the expiration of the first year constitutes an election to take for the extended term and protects him against ouster by the landlord.

E. BERTRAM for appellant.

O. B. BERTRAM, S. G. SMITH and C. B. PARRIGIN for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

On December 26, 1913, Albany Lodge No. 206, F. & A. M., leased to John L. Miller a store room and lot in Albany for a period of one year from the first day of January, 1914, at an agreed rental of $120.00 per

annum, "with option at same rate for five years." Miller occupied the premises during the first year of the lease and held over until January 23, 1915, when this action of forcible detainer was brought against him. The trial before a justice resulted in a verdict and judgment for Miller. On appeal the law and facts were submitted to the circuit court, which rendered a judgment restoring the property to the lodge. Miller appeals.

It is admitted that Miller held over after the first year of the lease and the question is, did he forfeit his right to the extended term by failing to give notice during the first year of the lease, or did his holding over constitute an election to extend his term.

The courts make a distinction between a covenant to renew a lease and a provision conferring on the lessee the privilege of extending his term. In the former case, some positive act on the part of the parties or notice by the tenant is required, while, in the latter case, a mere holding over by the tenant for a portion of the extended term is, in the absence of a stipulation for notice in the lease, a sufficient notice, and constitutes an election to hold for the additional or extended term. The reason for the rule is that the additional time is not a new demise but a continuation of the old one. In such a case, the tenant is not only bound for the additional or extended term as fully and completely as though that term has been originally included in the lease when executed, but is entitled to remain and occupy the premises during the additional or extended term, even though the landlord should wish to oust him. Wood on Landlord and Tenant, 678; Taylor on Landlord and Tenant, 278; Brown v. Samuels, 24 R., 1216, 70 S. W., 1047; Kentucky Lumber Company v. Newell, 32 R., 396, 105 S. W., 972; Plattsmouth v. New Hampshire Sav. Bank, 71 C. C. A., 507, 139 Fed., 631; Hays v. Goldman, 71 Ark., 251, 72 S. W., 563; Shamp v. White, 106 Cal., 222, 39 Pac., 537; Brandenberg v. Reithman, 7 Colo., 323, 3 Pac., 577; Hamby v. Georgia Iron & Coal Co., 127 Ga., 802, 56 S. E., 1033; Montgomery v. Hamilton County, 76 Ind., 362, 40 Am. Rep., 250; Terstegge v. First German Mut. Ben. Soc., 92 Ind., 82, 47 Am. Rep., 135; Holley v. Young, 66 Me., 520; Kramer v. Cook, 7 Gray, 550; Kimball v. Cross, 136 Mass., 300; Cooper v. Joy, 105 Mich., 374, 63 N. W., 414; Mershon v. Williams, 62 N. J. L., 779, 42 Atl., 778; Voege v. Ronald, 83 Hun., 114,

31 N. Y. Supp., 353; Kelly v. Varnes, 52 App. Div., 100, 64 N. Y. Supp., 1040; Harding v. Seeley, 148 Pa., 20, 23 Atl., 1118; Lipper v. Bouve, 41 W. N. C., 566; Gilbert v. Price, 18 Pa. Super. Ct., 359; Henderson v. Schuykill Valley Clay Mfg. Co., 24 Pa. Super. Ct., 422; Canonico v. Lucente, 40 Pa. Super. Ct., 75; Heffron v. Treber, 21 S. D., 194, 130 Am. St. Rep., 711, 110 N. W., 781; Carhart v. White Mantel & Tile Co., 122 Tenn., 455, 123 S. W., 747; Racke v. Anheuser-Busch Brewing Asso., 17 Tex. Civ. App., 167, 42 S. W., 774; Peehl v. Bumbalek, 99 Wis., 62, 74 N. W., 545; Slater v. Kimbro, 91 Ga., 217, 44 Am. St. Rep., 19, 18 S. E., 296; Hamby v. Georgia Iron & Coal Co., *supra;* Cusack v. Gunning System, 109 Ill. App., 588; Callahan Co. v. Michael (Ind. App.), 90 N. E., 642; Chandler v. McGinning, 8 Kan. App., 421, 55 Pac., 103; Delashman v. Berry, 20 Mich., 292, 4 Am. Rep., 392.

In Brown v. Samuels, *supra,* Samuels leased to Brown certain premises "for the period of five years with the privilege of five years more." The court, after pointing out the distinction between a privilege to renew the lease and the privilege of an additional term, held that Brown, by holding over after the first five years, exercised his privilege of five years more and could not be dispossessed under a writ of forcible detainer. There is no substantial difference between a lease for one year "with option at same rate for five years" and a lease "for the period of five years with the privilege of five years more." The word "option" in the former case is synonymous with the word "privilege" in the latter case. The covenant is not one for the renewal of the lease but for a mere extension of the term. We, therefore, conclude that Miller's holding over after the first year's was an election on his part to hold for the extended term, and, that being true, he cannot be ousted by the lodge.

The case of Connor, et al. v. Withers, et al., 49 S. W., 309, does not announce a contrary doctrine. There Connor and Sugg rented to one Harrison a stable for one year at a certain price. The lease contained the following provision:

"The said Connor and Sugg agree to rent said stable to said Harrison for as many as five consecutive years from said 3rd day of December, 1895, provided he wants to keep it at the price of four hundred dollars ($400.00)

per year, payable semi-annually; and, in the event the said Harrison desires to give up said stable at any time and terminate this contract, he has the right to do so, upon giving the said Connor and Sugg sixty days' notice in writing.''

During the first year Harrison and his assignees notified the lessors that they would exercise their option for the last four years. The court merely held that Harrison and his assignees had the right to exercise their option at any time during the first year and, by doing so, the lease became binding for the four years. Neither the character of the covenant nor the effect of the lessee's holding over after the first year was before or considered by the court.

Judgment reversed and cause remanded for proceedings consistent with this opinion.