## Cincinnati, New Orleans & Texas Pacific Ry. Company v. Depot Lunch Room.

(Decided November 19, 1920.)

### Appeal from Boyle Circuit Court.

1. Landlord and Tenant—Termination of Lease.—A lease dated March, 1912, which provides that it shall be for a term of five years from and after the completion of a building to be erected on lessor's premises does not expire until five years from the date of completion.

2. Landlord and Tenant—Termination of Lease.—Under Ky. Stats., sec. 2295, in a tenancy for a year or more, expiring on a certain day, if the tenant does not abandon the premises, or is not turned out of possession, or does not make a new contract within ninety days after the expiration of the term, he remains thereafter as a tenant by sufferance from year to year, and no legal proceedings to evict him are maintainable unless instituted within ninety days of any anniversary of the expiration date.

3. Landlord and Tenant—Tenant fy Sufferance.—Where a lease by its terms expires five years after the completion of the leased building, which was August, 1912, and no steps were taken to evict the tenant within ninety days from the same month in 1917, the tenant remained such by sufferance for another year and suit instituted August 2, 1918, was not premature.

4. Frauds, Statute of—Contracts Within Statute.—A verbal contract or lease of real estate for a term of five years is within the statute of frauds, Ky. Stats, sec. 470, which provides that no action shall be brought to charge any person upon any lease on real estate for a term of more than one year, or upon any contract not to be performed within one year from the making thereof, unless the contract, agreement or assurance or some memorandum thereof be in writing signed by the party to be charged therewith.

5. Landlord and Tenant—Acceptance of Rent After Expiration of Term.—Acceptance of rent after the expiration of the original lease where it is recited that it is received pursuant thereto does not act as a renewal or extension of the original lease, which was for five years, the acceptance of rent after the expiration of the contract term being entirely consistent with the rights of both parties under Ky. Stats., sec. 2295.

CHAS. H. RODES, NELSON D. RODES, EDWARD COLSTON and JOHN GALVIN for appellant.

BAGBY & HUGUELY, JOHN S. OWSLEY and E. V. PURYEAR for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

March 6, 1912, appellant on the one part and M. O. Lowell and C. T. Lowell on the other, entered into a contract by the terms of which appellant agreed to erect a one story building on its premises south of its passenger depot at Danville, Ky., to enable the Lowells to conduct a restaurant in said building.

At the time of the present litigation the rights under this contract were by successive assignments held by appellee. The lease was for a term of five years from and after the completion of the building, a rental of $50.00 to be paid monthly in advance. The building was completed about August 1, 1912, continuously from which date a restaurant has been conducted in said building by the Lowells and their assignees.

Alleging appellees were wrongfully withholding from it the possession of said building appellant instituted this action to obtain the possession of its property and for damages for the retention thereof.

June 29, 1918, appellant served notice on appellee to vacate the premises by July 31, 1918. An answer made up the issues. Upon a trial of the action the court overruled appellant's motion for a directed verdict but sustained a like motion made by appellee, and this appeal is to reverse the judgment entered pursuant to that ruling.

Geo. T. Weatherford and Dr. T. R. Griffin, two of appellee's stockholders, testified in substance that in the summer of 1916, Griffin went to Weatherford who at that time was postmaster at Hustonville, and urged him to buy an interest in the lunch room, informing him that W. T. Caldwell, appellant's superintendent, said there would be no difficulty in securing a renewal of the lease for an additional five years. Thereafter Weatherford went to Danville, and in company with Griffin, called upon Mr. Caldwell, who told them there would be no trouble about renewing the lease. Acting upon this assurance Weatherford purchased an interest in the lunch room. On subsequent occasions Caldwell was in the building and made suggestions about different arrangements and changes therein. In April, 1917, when Caldwell was asked about the lease he informed Dr. Griffin it had been sent to the company and he supposed it had gotten pigeonholed, and suggested that either Griffin or Weatherford go to Cincinnati to see about it. These witnesses also testify that Horace Baker, appellant's general manager, told them he thought there would be no trouble about securing a renewal of the lease. Both Caldwell and Baker deny having given these assurances.

It is shown that Superintendent Caldwell had no authority to execute leases or renewals thereof. The original lease was signed on behalf of appellant by its general manager, Baker.

Appellee continued to make its monthly payments up to July, 1918, pursuant to vouchers presented by the company; payments tendered after the last named date were refused by the company.

On behalf of appellee it is contended: First that the suit was premature. This is on the theory that since the contract was dated in March, 1912, it expired by its terms the same month in 1917, and therefore this action was not maintainable at the time suit was instituted. Under Kentucky Statutes, section 2295, which provides, in substance, that if by contract a term or tenancy for

a year or more is to expire on a certain day the tenant shall abandon the premises on that date unless by express contract he secures a right to remain longer. A tenant holding over without such contract shall not thereby acquire any right to hold or remain on the premises for ninety days after said date and the possession may be recovered without demand or notice if proceedings are instituted within said time. But if proceedings are not instituted within ninety days then none shall be allowed until the expiration of one year from the expiration of the term or tenancy and so from year to year until the premises are abandoned or the tenant is turned out of possession or makes a new contract.

If the term expired in March, 1917, appellee could have been expelled from the premises by proper legal proceedings instituted within ninety days thereafter, but failing to take steps to evict appellee within this period it would have had the right under the statute to remain for another year, to-wit, until March, 1918, and thereby become a tenant by sufferance from year to year. Mendel v. Hall, etc., 13 Bush 232. It would follow on this theory that an action instituted more than ninety days after March, 1918, though within the year would be premature. However, the contract between the parties does not sustain appellee's contention as to the term or the date of expiration, inasmuch as it is expressly stipulated that appellant was to construct the building and the tenancy was for a term of five years from and after the completion of said structure. This was August, 1912, hence the term did not expire until August, 1917, and when no steps were taken to evict appellee within ninety days after August, 1917, it acquired the right under the statute to remain until August 1, 1918.

It is next contended that by reason of the alleged assurance of its officers appellant is estopped from denying the contract had been extended or renewed. rGanting the general manager and superintendent made the promises as claimed does not help appellee. The contract involves the leasing of real estate for a term of five years and as such it was within the statute of frauds. Kentucky Statutes, section 470, provides that no action shall be brought to charge any person " .  .  . 6. Upon any contract for the sale of real estate, or any lease thereof for a longer term than one year; nor, 7. Upon any agreement which is not to be performed within one

year from the making thereof, unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing, and signed by the party to be charged therewith, or by his authorized agent; . . . "

Appellee's right to possession is founded on a lease of land for a five year period, a contract clearly within the statute, since the renewal or extension which it is claimed appellant's officers agreed to is not in writing. Mere verbal assurances are insufficient to sustain appellee's contention.

The fact that the company received rentals for each month until August, 1918, would not take the case out of the statute. In each statement and receipt for rent reference was made to the original contract of March 8, 1912. Payments after August, 1917, were not made pursuant to a new lease nor to any renewal of the old one. The acceptance of rent after the expiration of the original lease was entirely consistent with the rights of both parties as they existed under Kentucky Statutes, section 2295.

Instead of sustaining appellee's motion for a directed verdict a similar motion made by appellant should have been sustained.

Wherefore the judgment is reversed for further proceedings consistent herewith.