## Khourie Bros. v. Jonakin.

(Decided December 9, 1927.)

Appeal from Fulton Circuit Court.

1. Landlord and Tenant.—Where tenant does all that terms of lease require him to do in order to renew it, he is entitled to hold possession of premises for renewal period.

2. Landlord and Tenant.—Lessor had right to waive provision of lease that notice of exercise of option to renew it should be in writing rather than oral, since the provision was for his benefit.

3. Frauds, Statute of.—Where written lease provided for option of renewal by written notice, but not specifically for execution of new lease, and tenant exercised option by verbal notice merely, landlord waiving written notice, tenant, having done all that was required to renew, held new term under the old lease, and not under the verbal notice, and hence statute of frauds (Ky. Stats., sec. 470, subd. 6), requiring leases for longer term than one year to be in writing, did not apply.

HERSCHEL T. SMITH for appellants.

HALIFIELD, GARDNER & McDONALD for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

By a lease dated November 18, 1922, the appellee leased to the appellants a storehouse in the city of Fulton for a period of 3 years from January 1, 1923. Among other things, the lease provided:

"The lessees have the privilege to renew this lease upon the same terms and conditions at its expiration on January 1, 1926, for a further period of

3 years commencing immediately upon the expiration of this lease, provided, however, that notice of the exercise of this privilege or option to renew this lease shall be given by the lessees to the lessor at least 60 days before the expiration of the term of this lease on January 1, 1926, and this notice shall be in writing.''

Later on in this lease it is further provided that the lessees shall 'at the expiration of this lease or renewal thereof, if it is renewed, surrender the premises in as good condition as they are now, reasonable wear and unavoidable casualty excepted.'' In January, 1926, the appellee brought a forcible detainer proceeding in one of the magistrate's courts of Fulton county against the appellants to recover the possession of the demised premises. The jury in the magistrate's court found the appellants not guilty of the alleged forcible detainer. The appellee traversed that finding and appealed the proceedings to the circuit court. In April, following, the appellants filed a petition in equity against the appellee, the object of which was to compel the appellee to execute a new lease in accordance with the provisions in the lease above quoted. By agreement of the parties the equitable action and the forcible detainer proceedings were consolidated, and the petition in the equitable action was taken as the answer of the appellants in the forcible detainer proceedings. Of course, this method of pleading was highly informal as the plea in a forcible detainer proceeding is "not guilty," but as it was followed by agreement of the parties, and in order to get the real issue at once before the court, we will, as did the circuit court, ignore the informality. The court sustained a demurrer to this answer, and the appellants then declined to plead further, whereupon by agreement the allegations contained in this answer were stipulated to be the facts in the case and a jury being waived the court found the appellants guilty of the forcible detainer. From the judgment entered on that finding the appellants have appealed. The real question for determination before us is whether or not the facts stated in this answer constituted a defense to the forcible detainer proceeding. In substance, the facts alleged and stipulated to be true are these: in January, 1925, which was almost a year before the old lease by its terms was to expire unless renewed, the appellants verbally informed the

appellee of their intention to renew the lease and of their exercise of their option or privilege to do so. The appellants further told the appellee that they would give him the written notice as provided for in the original lease. The appellee informed them that they could use and occupy the premises for the further period of 3 years from and after January 1, 1926, but that he would not require the written notice provided for in the lease, and that it would not be necessary for them to give him any further notice in the matter. Relying on this assurance, the appellants did not give the appellee any further notice in the matter and made no arrangements to move, considering the matter settled. The appellants had fully complied with all the terms of the old lease in all other respects.

We are informed in the brief of counsel that the action of the trial court in adjudging that the above facts constituted no defense to the forcible detainer proceeding was based on its theory that this verbal notice was insufficient to renew the old lease because it fell within the inhibition of the statute of frauds. In this the lower court was in error. A great deal of learning will be found in the books discussing the technical distinction between covenants to renew and covenants for an extension of an existing lease. As we said in the case of Kozy Theater Co. v. Love, 191 Ky. 595, 231 S. W. 249:

"Just what legal import ought to be ascribed to the word renew in this connection, in the absence of explanatory facts, is really the question upon which the courts disagree. Some hold it requires the execution of a new lease, which however may be waived; others that there is no distinction between a privilege to renew or extend, while still other courts, among which is our own, take a middle ground. Our court has gone no farther in an effort to define the term when so used than to hold as in the Newell case (105 S. W. 972, 32 Ky. Law Rep. 396) that it means 'something more than passivity,' and as in Miller v. Albany Lodge (168 Ky. 755, 182 S. W. 936) supra, that by its use 'some positive act on the part of the parties, or notice by the tenant is required.' "

The principle thus set forth in this case was further developed by this court in the case of Edwards-Pickering Co. v. Rodes, 203 Ky. 95, 261 S. W. 884. In discussing a

provision in a lease which gave to the lessee the privilege of leasing the premises for an additional period of 5 years after the expiration of the period provided for in the original lease, we said:

"It is next contended that the above-quoted provision provides for the execution of a new lease, and not for the extension of the old one, and, as a new lease was not executed, appellants failed to exercise the option in the manner prescribed. With other courts, we have had considerable trouble in deciding whether in different leases the provision was for a renewal or an extension of the lease, and while we have recognized a technical difference between the terms, we have uniformly held that the intention of the parties as disclosed by the whole instrument, and their interpretation thereof, is determinative of whether such a provision is technically a privilege for a renewal or an extension, rather than the fact that the words 'renewal' or 'extension' are used, and that in any event, where the party having the option has done the thing which the contract provides and the parties contemplated he should do, to give him the benefit of the additional period, that is all that is required of him. Grant v. Collins, 157 Ky. 36, 162 S. W. 539, Ann. Cas. 1915D, 249; Kozy Theater Co. v. Love, 193 Ky. 336, 236 S. W. 243; Klein v. Auto Parcel Delivery Co., 192 Ky. 583, 234 S. W. 213.

"The provision in this contract very clearly provides how the privilege shall be exercised, which is that the lessee shall, not more than 6 months nor less than 60 days prior to the expiration of the first 5-year period, give to the lessor notice in writing that the lessee exercises the privilege of leasing said premises for an additional 5 years, upon the same terms and conditions as are provided in the lease. Appellants, on December 3, 1921, which was within the period provided for, gave to appellees notice in writing that they desired to exercise the privilege of leasing the premises for an additional 5 years, upon the same terms and conditions as provided in the lease. That notice concludes with the following:

" 'We therefore elect to continue said lease for an additional term of 5 years from March 1, 1922, and to be bound during said period by all the terms, conditions, and provisions of the original contract.

We are prepared to execute any writing to this effect that you may desire.'

"Under the authorities already cited, and the provisions of this contract, we think this was all that was required for appellants to make the lease effective for another 5-year period, in the absence of a demand by appellees that a new contract be executed therefor."

Following this case came that of Ingram v. Lane, 205 Ky. 57, 265 S. W. 434. There the lease provided that the lessee had the option at the end of 3 years to lease said building for another term of 3 years. In discussing this provision we said:

"There seems to have been recognized by our own, as well as the courts of last resort of the other states, a distinction between the right granted to a lessee to extend the term or to renew the lease. The distinction is that, where the contract provides that the lessee may renew the lease, some positive act on the part of the parties or notice by the tenant of his intention to renew is required, while with reference to a provision in the lease that the lessee may extend the term the mere holding over by the lessee has been held to be sufficient of itself to extend it. See Miller v. Albany Lodge, No. 206, F. & A. M., 168 Ky. 755, 182 S. W. 936; Kozy Theater Co. et al. v. Love et al., 191 Ky. 595, 231 S. W. 249; Klein v. Auto Parcel Delivery Co., 192 Ky. 583, 234 S. W. 213; Ky. Lumber Co. v. Newell, 105 S. W. 972, 32 Ky. Law Rep. 396. The distinction made between the right to renew and the right to extend is fully discussed, and the authorities on the question are collated in the foregoing cases.

"Considering the language of the clause granting to appellees the right to renew or extend the contract now in question, it seems clear to us that this contract must be construed to have granted to appellees merely the right to renew and not the right to extend. However, as pointed out in the opinions of the foregoing cases, the only distinction made in the two classes of cases is that, where the appellee is given the right to another lease or to renew the original lease, either the parties must do some positive act to evidence the fact that the lease

has been renewed or the lessee must give notice that
he elects to take the new lease or hold for the addi-
tional term.   But, in the case now being considered,
while the 3-year lease was in force, appellees served
on appellant written notice, by which they expressly
notified him that they elected under the option
granted by the original lease to lease the building
in question for another and additional term of 3
years. Having done this, they have complied with
the only requirement made by this court in defining
the distinction between the two classes of rights
granted in lease contracts; and, having complied
with the only requirement that marks the distinction, ·
the parties then were on the same footing exactly as
if the language in the lease now in question had been
such that it could be construed to be the right to ex-
tend the term instead of the right to renew the
lease.''

Thus we see that the principle governing the cases
before us is that if the tenant does all that he is required
to do by the terms of his lease in order to renew it, his
right to hold possession of the premises is complete. The
lease before us did not specifically require the execution
of a new lease.   All that it required was that the tenant
should give written notice of his intention to renew the
lease.   Had he given such a written notice, under the
authority of the Edwards-Pickering Co. v. Rodes and
Ingram v. Lane cases, supra, it could not be successfully
contended but that the tenant would have been entitled
to remain in possession of these demised premises for the
term now in dispute.   Does the fact that the notice was
verbally given instead of being in writing destroy that
right? Waiving for the moment the question of the stat-
ute of frauds (Ky. Stats., section 470, subd. 6), it must
be conceded that, as the provision that the notice should
be in writing was for the benefit of the party who wished
to rely on a writing, such party could waive the require-
ment, and that the facts pleaded here undoubtedly show
such a waiver on the part of the appellee.   But is the situ-
ation affected by the statute of frauds?   The lower court
was of the opinion that the tenant would hold the de-
mised premises for the renewal period under the notice,
and, since such notice was verbal, it was insufficient be-
cause of the statute of frauds which requires all leases for
a longer term than 1 year to be in writing.   The error

the lower court fell into lies in its assumption that the lessee holds for the renewal period in a case like the present one under the notice. The tenant does not so hold. On the contrary, he holds under the old lease which has been renewed by the tenant doing the thing required by it to be done in order to renew it—in this case, by the giving of the notice. The old lease being in writing, the objection grounded on the statute of frauds is of no merit. In the Kozy Theatre Co. case, supra in speaking to the present question, we said:

> "The contention that the verbal assent of Utterback to the 'renewal' construed and called by them a continuance of the contract for an additional term is within the statute of frauds, and therefore without binding effect, is based upon the theory that there could be no renewal except by the execution of a new lease. But obviously there is no merit in this contention, upon the construction given the contract by the parties, and therefore adopted by us as the true one, that a new lease was not required, since the lessees, by giving notice and holding over, hold under the original contract, and not the notice; and the giving of the notice is not an agreement within the statute of frauds. 16 R. C. L. 885.
>
> "The recent case of Cincinnati, N. O. & T. P. Ry. Co. v. Depot Lunch Room, 190 Ky. 121, 226 S. W. 387, is not in point, because there was no provision whatever for an additional term in the expired lease, and the verbal promise of a new lease relied upon there in defense of forcible detainer was an entirely independent promise in no wise connected with the original contract and within the statute of frauds. So also with the other cases cited by appellant on this question."

The quotation above set out aptly distinguishes the case of C. N. O. & T. P. R. Co. v. Depot Lunch Room, 190 Ky. 121, 226 S. W. 387, relied on by counsel in this case. In 1 A. L. R. 343 may be found a collection of authorities from other states in accord with the principle as announced in the Kozy Theater Co. case, supra. Among them is the case of Darling v. Hoban, 53 Mich. 599, 19 N. W. 545, which if it does not in effect overrule the case of Beller v. Robinson, 50 Mich. 264, 15 N. W. 448, relied on by appellee in this case, seriously shakes the doctrine of the latter named case.

From the foregoing it follows that the facts set out in the answer of the appellants and stipulated to be true afforded a complete defense to the forcible detainer proceeding here in question. The lower court erred in sustaining a demurrer to that answer and in adjudging the appellants guilty of the alleged forcible detainer. Its judgment is therefore reversed, with directions to grant the appellants a new trial in conformity with this opinion.