## Wieck v. Glindmeyer et al.

(Decided April 16, 1929.)

CHARLTON B. THOMPSON for appellant.

JOHN E. SHEPARD for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Affirming.

Through forcible detainer proceedings, instituted before a justice of the peace, and carried to the Kenton circuit court, the appellees have obtained possession of certain property being used as a public garage. A reversal of the judgment of restitution is sought by this appeal.

The appellant entered the premises under an assignment of a lease from J. H. Glindmeyer to Ben Wieck for a period of five years beginning April 1, 1920. The contract contained this clause:

"The lessees shall have the right to extend this lease at the same rental and on the same terms for a

period of five (5) years from the expiration of this lease, at their option, by giving written notice to the lessor, his heirs, personal representatives or assigns, or to the person then owning the leased premises, sixty days before the expiration of this lease.''

J. H. Glindmeyer, who died in 1924, devised the property to his son, Ben Glindmeyer, and in September, 1926, he conveyed it to his brothers, who are the appellees. No notice was ever given by the lessee to any owner of the property of his purpose to exercise the option to extend the lease or of any intention to take advantage of the right to an additional five years. However, appellant remained in possession of the premises and continued to pay the same rental as provided in the original contract. On February 9, 1928, the lessors notified the lessee to vacate the premises on March 31, 1928. He refused to do so, and this action was instituted on April 1, 1928.

A full discussion of renewals and extensions of leases may be found in Klein v. Auto Parcel Delivery Co., 192 Ky. 583, 234 S. W. 213, Khourie Bros. v. Jonakin, 222 Ky. 277, 300 S. W. 612, and other cases to be cited in this opinion, so the subject in the abstract need not here be treated at length.

The concrete question which the court has to answer is: Does the payment and acceptance of rental after the original period covered by the written contract effect an extension of the terms of that instrument for the additional period, or constitute a waiver of the provision as to notice? It will be observed that the lease granted to the lessee the right to an extension for five years on the same terms ''at their option by giving written notice to lessor . . . sixty days before the expiration of this lease.'' This provision required an election on the part of the tenant to accept or reject that privilege, and, if, accepted, it must have been according to its terms. It is well established that, where a lessee is required by the provisions of his contract to take some affirmative action before he becomes entitled to the benefits of the right of renewal of a lease, such action must be taken and the particular stipulation of the contract complied with, unless waived by the lessor. If there is a failure so to do, the lessee abandons his right to a renewal. But, where the privilege is for an extension of the term, in the absence from the contract of a stipulation for notice of

an intention to exercise the privilege, a mere holding over is sufficient. Miller v. Albany Lodge F. & A. M., 168 Ky. 755, 182 S. W. 936, and the numerous authorities cited therein. In the lease involved in this case, however, there is a clear and mandatory stipulation, and the mere holding over was not sufficient to extend the lease for five years. Such method of exercising the option was excluded by the inclusion in the contract of the specific provision as to how it should be exercised. When such condition is attached to the right to "extend" a lease, there appears to be no practical difference from the right to "renew" the lease so far as the necessity for affirmative action on the part of the tenant is concerned. The courts recognize a technical distinction between the two terms, but after all the intention of the parties as manifested by the contract must control; and in Grant v. Collins, 157 Ky. 36, 162 S. W. 539, Ann Cas. 1915D, 249, it was held that merely holding over beyond the expiration of the first period, accompanied by the payment and acceptance of rent, was not sufficient to give the tenant the right to occupy the premises during a subsequent fixed period.

In Khourie Bros. v. Jonakin, supra, particularly relied on by appellant, the principle governing this class of cases is stated to be "that if the tenant does all that he is required to do by the terms of his lease in order to renew it, his right to hold possession of the premises is complete." In that case the tenant gave a verbal notice of his intention to renew the lease, and it was held under the facts to be sufficient, although the contract provided written notice should be given. No sort of notice was given by appellant in this case.

Where the possession of property is continued after the expiration of the contract period without any agreement, as in the instant case, the law makes the contract between the parties. Their respective rights are fixed by section 2295, Kentucky Statutes, which is as follows:

"If, by contract, a term or tenancy for a year or more is to expire on a certain day, the tenant shall abandon the premises on that day, unless by express contract he secures the right to remain longer. If without such contract the tenant shall hold over, he shall not thereby acquire any right to hold or remain on the premises for ninety days after said day, and the possession may be recovered without demand or

notice, if proceedings are instituted within that time. But if proceedings are not instituted within said time, then none shall be allowed until the expiration of one year from the day the term or tenancy expired; and at the end of said year the tenant shall abandon the premises without demand or notice, or stand in the same relation to his landlord that he did at the expiration of the term or tenancy aforesaid; and so from year to year, until he abandons the premises, is turned out of possession, or makes a new contract.''

When appellant failed to exercise the option granted him in his contract, but merely remained in possession of the premises, it must be deemed that he elected to hold under this statute. When the appellees failed to take proper steps to obtain possession of the leased premises within ninety days after the expiration of the five-year period, it must be considered that they elected to permit the occupancy ''until the expiration of one year from the day the term of tenancy expired,'' and so on from year to year, until they gave notice to terminate the relation upon the expiration of the year ending March 31, 1928. C. N. O. & T. P. Ry. Co. v. Depot Lunch Room, 190 Ky. 123, 226 S. W. 387; McClelland v. Murphy, 204 Ky. 329, 264 S. W. 733.

The appellant further contends that the lessor waived the provision as to written notice by standing by and permitting him to make improvements in the property. The original contract contained this clause:

''The lessees shall have the privilege of altering the driveway in said premises, and of making any other alterations, including the tearing down of any portion of the party wall between these premises and the adjoining premises now occupied by the lessees, the intention being to use both buildings together.''

Shortly after taking possession of the property, the lessees tore out the portion of the party wall referred to. In 1927, after the expiration of the lease, appellant expended about $200 in moving a short wall back eight or ten feet, but the record is not clear whether this was on the property covered by the lease or was on the adjoining building occupied under a verbal agreement. If it was on the leased premises, it appears that such removal was

greatly to the advantage of the appellant. The mere permission of the lessor to make such minor change and to make the alterations specified in the contract cannot be considered a waiver of the written notice required to be given not later than February 1, 1925, which was sixty days before the expiration of the lease.

Appellant further contends that this proceeding was barred by section 469, Civil Code of Practice, which is as follows:

"No inquisition of forcible entry or forcible detainer shall be taken at any time after two years from the forcible entry or detainer complained of."

In applying provisions of this section of the Code, consideration must be given to section 2295 of the Statutes, above considered. The limitation of the action does not apply where there is a holding over of the tenancy under a contract, for, as stated, the law makes the continuing contract. It would apply, for example, where one has unlawfully entered upon premises and refused to surrender them. It may be observed that a writ of forcible detainer is not an exclusive remedy, but is only a simplified method of recovering possession of premises wrongfully withheld. Other remedies achieving the same result could not be affected by this Code provision.

It follows, therefore, that the court properly held the appellant to be guilty of wrongfully retaining possession of the premises, and the judgment is therefore affirmed.