## Cain et al. v. Lawrence Drug Company et al.

(Decided June 20, 1930.)

W. T. CAIN and W. D. O'NEAL for appellants.

FRED M. VINSON and WAUGH & HOWERTON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Reversing.

C. B. Walters owned a storeroom in Louisa, Ky., and he leased it by written contract to the Lawrence Drug Company for a term of five years; the rental being $90 per month payable at the first of each month. The lease contained this stipulation, ''with the privilege of an additional 5 years, if so desired by the Drug Company;'' but, if the privilege was exercised, the rental for the additional period was to be fixed by agreement of the parties, and if they could not agree they were to arbitrate it in a manner specified in the contract. After about half of the first term had expired, Walters, the lessor, sold the building to the appellants and plaintiffs below, W. T. Cain, Sr., and W. T. Cain, Jr., and before the expiration of the first five years following the execution of the contract the lessee, the Lawrence Drug Company, which was a corporation, sold its business to C. E. and Elizabeth Scaggs, who continued to operate it under the firm name of ''Lawrence Drug Store.'' When the first five years expired, the assignees of the lease and the vendees of the premises each acquiesced in the continued occupancy of the store at the rental of $90 per month, which was paid and accepted as it theretofore had been done during the first five years and with nothing transpiring between the parties to indicate any change in the terms of occupancy.

However, at the end of about eighteen months after the first five years expired, the assignees of the original

lease, who composed the firm of the Lawrence Drug Store, vacated the premises, and they remained so for a period of four months, and this action was brought by appellants as vendees of the original lessor against the original lessee and its assignees to recover $360 representing the rental for the four months that the store was vacant. The petition as amended set out the facts substantially as we have outlined them, and defendants filed a demurrer thereto which the court sustained, and plaintiffs declining to plead further, their petition, seeking recovery of the four months rental, was dismissed, to reverse which they have filed the transcript in this court with a motion for an appeal.

The court rendered no opinion, and neither the judgment nor any order of court recites the reason for the court's action in sustaining the demurrer; but evidently it was upon the theory that under the terms of the lease contract it was required that the parties should do more than was done in order to complete an additional lease of five years that would be obligatory on both of them for that time. In many cases of comparatively recent date this court has had before it the well-worn and much-handled question concerning the right of the parties to lengthen a lease for an additional stipulated period when the lessee was in express terms given the right ''to renew'' or ''to extend'' his first term. Some of the many of such recent cases are: Brown v. Samuels, 70 S. W. 1047, 24 Ky. Law Rep. 1216; Kentucky Lumber Co. v. Newell & Co., 105 S. W. 972, 32 Ky. Law Rep. 396; Grant v. Collins, 157 Ky. 36, 162 S. W. 539, Ann. Cas. 1915D, 249; Miller v. Albany Lodge, 168 Ky. 755, 182 S. W. 936; Mullins v. Nordlow, 170 Ky. 169, 185 S. W. 825; Hunt v. McCord, 179 Ky. 1, 200 S. W. 2; Gault v. Carpenter, 187 Ky. 25, 218 S. W. 254; Kozy Theatre Co. v. Love, 191 Ky. 595, 231 S. W. 249; Klein v. Auto Parcel Delivery Co., 192 Ky. 583, 234 S. W. 213; Edwards-Pickering Co. v. Rodes, 203 Ky. 95, 261 S. W. 884; Ingram v. Foster, 205 Ky. 57, 265 S. W. 434; Khourie Bros. v. Jonakin, 222 Ky. 277, 300 S. W. 612, and Wieck v. Glindmeyer et al., 229 Ky. 28, 16 S. W. (2d) 487. It would be a useless expense of time and space to analyze each of these cases or to insert the phraseology of the different leases containing the right to the extension as appeared in each of the involved ones, or to incorporate excerpts embodying the reasons actuating the court for the conclusions reached in them, since such matters can readily be obtained by consulting the opinions in each of those

cases. Generally speaking, it might be said that they point out that our line of opinions draws a. distinction between the legal effect of the word "renew" and the word "extend" as used in leases giving such rights. Some of the courts hold that the word "renew" contemplates the execution of another writing, or the formulation of another lease contract covering the additional period, although its terms of occupancy might be the same as in the original lease, and the same courts also hold that the word "extend" has no such significance and that the additional right of occupancy might be acquired by continued occupation acquiesced in by the landlord, and when so begun it operates as an extension of the lease for the full period of the acquired right.

However, our cited domestic cases clearly put this court upon a middle ground, i. e., that the subject is one of intention of the parties to be obtained, not only by the language they employed, but by the construction they themselves put upon it, and that although the word "renew" may be employed, yet a continued occupancy acquiesced in by the landlord, and of such a nature as to clearly indicate that the intention of the parties was to complete the option given in the original lease contract, would suffice for the purpose. However, when the word "renew" is employed we held in a number of the cases, supra, (particularly the Newell, Miller and Kozy Theatre Co.), that "something more than passivity" was necessary to effect a valid and binding lengthening of the term for the entire stipulated additional period. In some of the leases involved in our cited domestic cases, the word "renew" was the one employed, and under the lease the lessee was required to give written notice for a stipulated length of time before the expiration of the first term of his intention to renew. In some of them the written notice, was so given, while in others only a verbal notice was given; but in the latter we held that the facts showed a waiver of written notice by the lessor and which was accomplished by continued occupancy with his acquiescence, and the continued payment and acceptance of the rental provided for the extended period. Particularly was this true in the Klein, Kozy Theatre Co. and Khourie cases.

But there was employed in the lease now under consideration neither the word "renew" nor "extend," as applied to the right of continued occupancy for another five years; the language in the lease here involved being

"with the privilege (on the part of the lessee) of an additional 5 years, if so desired by the Drug Company." The word "privilege" necessarily had reference to the right of *occupancy* of the rented premises, since the language of the contract just above the last excerpt therefrom gave to the lessee "the right to occupy the south room on the ground floor of the said Walters building on Main Cross Street, in Louisa, Kentucky," for "a period of 5 years from the date of this contract." The privilege to elongate the contract for an additional period of five years was clearly the privilege of engaging in such continued occupancy. No other prescribed act as a requisite for putting into operation the extended period, such as the giving of notice, etc., was provided for in the contract and which leaves, as the only one necessary therefor, that the lessee should keep his seat in the occupied building, and which, if acquiesced in by the landlord, would be and constitute the performance of every requisite act contained in the contract for the extension of the lease. All of that was done in this case if the averments of the petition are true and which the demurrer admitted. It is therefore clearly manifest that the court erred in sustaining the demurrer, unless it was authorized to do so because of the matter now to be discussed.

The amount of rent for the extended period, if the right to it should be properly exercised was not specifically agreed upon in the lease, but it was left for the agreement of the parties at that time if they could do so, but if not then to be arbitrated as therein stipulated. The petition discloses no disagreement between the parties as to the amount of rent for the extended five years. Their conduct clearly indicates an acquiescence in the payment of the same rent that was paid during the first five years of the lease, and the occasion for the employment of arbitrators never arose, nor was it necessary for the parties to specifically and expressly agree upon the rent which they by their conduct emphatically adopted by an acquiescence of nearly two years of the last five- year period. It was then too late for either of them to repudiate the extended lease for any part of its period and which some of the cases, including the Klein case, supra, clearly recognized, and which legal principle is a well-settled one with respect to other kinds of contracts and commercial transactions between individuals than lease contracts.

The correct conclusion, perhaps, is, as was pointed out in some of the cases supra, that the rental contract now under consideration was in legal effect one for ten years but with the right to terminate it at the expiration of the first five years if the lessee so desired; but if he did not, then the full period of ten years should be in effect and which we conclude is, perhaps, correct from the fact that the lessee was required to do *nothing* except to *continue to occupy* the leased premises. A certain and obligatory rate of rental was provided for the lengthened period, and which the lessee could not evade if he continued to occupy the premises with the acquiescence of the lessor. In addition to the domestic cases, and supporting the conclusions herein expressed, we refer to the annotation in 64 A. L. R. p. 309, where some of our domestic cases supra are referred to with many others from sister states, and in which the rule as gathered from the courts is thus stated: "Generally it is held that where a lessee, having a general privilege of extending the lease, holds over, even without any notice to the lessor of his election to extend the lease for the further term, his holding over constitutes an election so to extend, and he is entitled, as against the lessor, to hold for a further term. See 16 R. C. L. 894."

It results, therefore, that the court erred in sustaining the demurrer to the petition, and the motion for the appeal is granted and the judgment is reversed, with directions to set it aside, and for proceedings consistent with this opinion.