ELECTRONIC SALES ENGINEERS, INC.,
Appellant,

v.

The URBAN RENEWAL AND COMMUNITY DEVELOPMENT AGENCY OF the CITY OF PADUCAH et al., Appellees.

Court of Appeals of Kentucky.

March 3, 1972.

Michael Avedisian, Andrew H. Avedisian, Paducah, for appellant.

Thomas J. Marshall, Jr., Wheeler & Marshall, Samuel S. Boaz, Paducah, for appellees.

CATINNA, Commissioner.

On March 26, 1970, the Urban Renewal and Community Development Agency of the City of Paducah, Kentucky, filed an action seeking to condemn property owned by C. L. Bryan and Helen Bryan, and occupied in part by Electronic Sales Engineers, Inc. Electronic answered and by cross-claim against the Bryans claimed a leasehold interest in the property it occupied and the right to share in the condemnation award. The leasehold estate was claimed to have been created by a five-year renewal lease that became effective August 1, 1969, being a renewal, pursuant to option, of an original five-year lease dated August 1, 1964. The Bryans defended on the ground that the original lease had not been renewed.

The trial court held that the original lease dated August 1, 1964, was not renewed and that Electronic had no leasehold estate or interest in the property. We affirm.

By the lease dated August 1, 1964, the Bryans leased to Electronic property located on South Fifth Street in Paducah. The term of the lease was five years with an option to renew for an additional five years. Notice of the exercise of this option was to be given at least 120 days before the expiration of the term.

On September 19, 1968, Electronic orally notified the Bryans of its election to exercise the option and renew the lease for an additional term of five years commencing July 31, 1969.

On July 11, 1969, two signed copies of the renewal lease, as prepared by the Bryans' attorney, were delivered by Helen Bryan to Electronic's local office. Electronic admits having received one copy of the lease.

Electronic claims that on August 27, 1969, it executed a copy of the renewal lease and left it with the secretary at the Paducah office with instructions that it be delivered to the Bryans upon receipt of another copy of the lease. This executed copy was never delivered to the Bryans and was not produced for examination until introduced on a trial of this action on July 27, 1970.

Electronic testified that on August 28, 1969, the Bryans were orally notified that the renewal lease had been signed and could be picked up at the office when the Bryans brought another copy of the lease to the office. This fact was also confirmed by a letter to the Bryans on August 29, 1969. The Bryans denied both the oral notification and receipt of the letter.

On September 26, 1969, Helen Bryan delivered additional copies of the renewal lease to Electronic's office. She did not pick up a signed copy of the lease, nor did Electronic at that time offer to deliver to her a signed copy of the renewal lease. Later, on October 29, 1969, the Bryans sent a letter to Electronic requesting that there be returned to them one copy of the renewal lease "signed by proper authorities" of Electronic. Receipt of this letter was denied.

Electronic continued to occupy the described premises, paying the rent as set out in the original lease. The Bryans received and retained all rents tendered and paid by Electronic.

Since Electronic failed to return a signed copy of the renewal lease, the Bryans, in January 1970, had their attorney serve written notice requiring that possession of the premises be surrendered by July 31, 1970.

The right to renew the lease of August 1, 1964, and the sufficiency of the notice of exercise of the option were not questioned. The hearing was confined to the execution, acceptance, and delivery of the renewal lease by Electronic.

The findings of fact of the trial court included the following:

"3. * * * The Bryans delivered at the Electronic two copies of the renewal

lease requesting that one copy be signed by Electronic and returned to them. * * *.

"4. Later, at the request of Electronic, the Bryans supplied another set of copies of the renewal lease with the same request. No copy was returned to them prior to trial of the issue as to the existence of a lease on July 27, 1970."

* * * * * *

"6. The secretary of Electronic who allegedly had custody of the renewal lease from August 27, 1969, to the date of the trial of this issue on July 27, 1970, did not testify; and the court finds that the renewal lease was not signed and delivered to the Bryans prior to the trial on July 27, 1970."

■ In accordance with the rules of conveyance generally, delivery is necessary to give validity to a written lease; and further, to make a lease binding and effectual there must also be an acceptance by the lessee. 49 Am.Jur.2d, Landlord and Tenant, Sections 35 and 36, pages 78 and 79.

In Murrell v. American Ry. Express Company, 207 Ky. 322, 269 S.W. 293 (1924), the rule is stated as follows:

"Ordinarily a lease contract such as the one under consideration need not be signed by the lessee, but if he accepts it he is bound by it; but, where the parties contemplated that the contract is not to become binding upon either until signed by both, the signature of the lessee must be affixed to it before it is binding. Moreover, one is not bound by a contract which he signs unless he delivers it.

Elliott on Contracts, in treating of this subject, says:

'The technical requirements for the execution of the instrument includes a delivery in addition to signing. So in strictness it is true that a lease though signed by both parties does not take effect until it has been delivered.' "

■ The fact that Electronic held over beyond the expiration of the original term, accompanied by the payment and acceptance of rent, was not sufficient to effect a renewal of the original lease. Wieck v. Glindmeyer, 229 Ky. 28, 16 S.W.2d 487 (1929).

■ The findings of fact of the trial court were supported by substantial evidence, and they not being clearly erroneous this court cannot disturb or set them aside. CR 52.01. Estill County Stone Company v. Hockensmith, Ky., 305 S.W.2d 107 (1957). The failure of Electronic to introduce the testimony of the secretary who allegedly had custody of the renewal lease from August 27, 1969, to July 27, 1970, would in itself sustain the findings of the trial court. Welch v. L. R. Cooke Chevrolet Company, 314 Ky. 634, 236 S.W.2d 690.

The trial court did not err in finding that the lease of August 1, 1964, had not been renewed and that there was no lease in effect after July 31, 1970.

In view of the opinion of this court in regard to the existence of a lease, it becomes unnecessary to decide the other questions raised on this appeal.

The judgment is affirmed.

All concur.