No. 13,331.

DOWNARD *v.* HADLEY ET AL.

ATTORNEY AND CLIENT.—*Employment to Perfect Title to Land.*—*Title Purchased by Attorney Enures to Benefit of Client.*—An attorney, who is employed to perfect or defend a particular title to land, can not, either during the continuance of the employment or after its termination, without disclosing the facts to, and obtaining the consent of, his client, avail himself of information acquired, or which it was his duty to acquire, while in that relation, and purchase an outstanding title for himself, and set it up in hostility to that which he was employed to perfect or defend; on the contrary, a title so acquired enures to the benefit of the client or his vendee.

SAME.—*Constructive Trust.*—Where one, by means of a confidential relation, obtains title under such circumstances that it would be a fraud upon another to permit the title thus obtained to be held against, or to the injury of, the one whose confidence has been abused, a constructive trust arises in favor of the person in whose name the title should have been taken.

From the Hendricks Circuit Court.

*T. J. Cofer* and *N. M. Taylor,* for appellant.

*L. M. Campbell,* for appellees.

MITCHELL, J.—James A. Downard commenced this action against Henry Hadley to recover the possession of forty acres of land in Hendricks county. After the suit had been pending for a time, and various motions, answers and demurrers had been filed, Virinda Keeney and Thomas Keeney were admitted upon their own application as parties defendants. They, in conjunction with the defendant Hadley, set up facts tending to show that the appellant had obtained the title to the land in dispute by means of fraudulent representations, and in violation of his professional duty as an attorney, and they asked that the conveyance so obtained from the Keeneys should enure to the benefit of the defendant Hadley.

The court found the facts specially, and stated its conclu-

sions of law thereon, upon which a judgment in favor of the defendant Hadley was rendered. To reverse the judgment upon the facts so found this appeal is prosecuted.

It appears that the land in dispute was inherited by Virinda Mattox from her deceased husband, Robert Mattox, who died intestate, and without children or other heirs than his widow, in the year 1865. The widow intermarried with Thomas Keeney in August, 1866, and in November of the same year, her husband joining, she conveyed the land by warranty deed to James Lewis, who paid her its full value. After several mesne conveyances, Washington Riggin acquired the title by warranty deed, and being about to sell the land in dispute, together with an eighty-acre tract which he owned adjoining, he employed the appellant and his partner, who were attorneys at law, and engaged in the business of preparing abstracts of title to real estate, to make an abstract of the title to both tracts, and to take some proceedings in court in order to perfect the title to the eighty-acre tract. An abstract was prepared accordingly, and the contemplated proceedings taken, for which service the appellant and his partner received the sum of thirty-five dollars.

Upon the abstract so prepared, Riggin bargained and sold both tracts of land to the defendant Hadley, and executed to him a warranty deed therefor, but before accepting the deed the latter submitted the abstract above mentioned to his attorney, who informed him and his grantor, Riggin, that the title to the forty-acre tract was defective, owing to the fact that it had been obtained by Virinda Keeney in virtue of her previous marriage with Robert Mattox, and that she had no power to alienate the same at the time she conveyed to James Lewis in 1866. The defendant and his grantor were, however, further informed by the attorney of Hadley, that the statute had been so changed since the conveyance to Lewis that a quitclaim deed from Mrs. Keeney and her husband to Hadley would make the title perfect. Upon the assurance that he would obtain such a conveyance perfecting the title,

Hadley completed the purchase, accepted Riggin's warranty deed, and went into possession. At the time the appellant prepared the abstract he observed the apparent break in the title from Robert Mattox to Virinda Keeney, and about the time the deed was delivered from Riggin to Hadley, which was on the 23d day of December, 1883, he ascertained the cause of the apparent break, and also learned that a conveyance made under the circumstances existing at the time of that made by Virinda and Thomas Keeney to James Lewis was void. He also learned that Mrs. Keeney and her husband resided in the State of Iowa, and thereupon immediately wrote and telegraphed an attorney in that State, and caused him to represent to the Keeneys that the appellant desired them to make a deed to him in order to supply an apparent omission in the title. The Keeneys made no claim to the land, but asserted that there was about sixteen dollars due them on account of unpaid purchase-money, and consented to make a deed as requested upon being paid that sum. The appellant paid the sum claimed, and by means of the representations above mentioned, and others, obtained a warranty deed for the forty-acre tract, which the court finds was worth fourteen hundred dollars.

Relying upon the title thus acquired, he brought this suit to eject Hadley, who went into possession and claimed title under the warranty deed from Washington Riggin.

It is insisted on the appellant's behalf that inasmuch as Mrs. Keeney was under a statutory disability, which deprived her of the power to alienate the land in controversy at the time she conveyed to James Lewis, no equity arose out of the transaction with Lewis, or in favor of any subsequent grantee through him, and that the appellant therefore took an absolute title under the deed obtained by him in the manner disclosed, free from any resulting or implied trust in favor of Hadley, or any one else, and that he was hence entitled to recover the land.

We are not disposed to consider the effect of the deed to

Lewis, but concede, for the purposes of this case, that it was absolutely void, nor is the argument involving resulting and implied trusts germane to the case. Conceding all that is said upon these subjects, it is certain, nevertheless, that until it can be maintained that the legal profession is absolved from those obligations of fidelity to which its members are severally and solemnly pledged, or until it can be shown that considerations of rectitude and good faith are no longer to be observed between attorney and client, the transaction disclosed can not receive the approbation of a correct mind, much less judicial sanction in a court of justice.

The rule is inflexible, and must be maintained without any deviation, that an attorney who is employed to perfect or defend a particular title to land, can not, either during the continuance of that employment or after its termination, without disclosing the facts to, and obtaining the consent of, his client, avail himself of information acquired, or which it was his duty to acquire, while in that relation, and purchase an outstanding title for himself, and set it up in hostility to that which he was employed to perfect or defend. *Henry* v. *Raiman*, 25 Pa. St. 354; *Smith* v. *Brotherline*, 62 Pa. St. 461.

The obligation of fidelity which an attorney owes to his client is a continuing one, so far as respects any matter which has once been professionally committed to the attorney's confidence, and when the matter involved is the title to land, good faith and public policy require that any existing adverse title which the latter may thereafter purchase, shall be deemed to enure to the benefit of his client, or his, the client's, vendee.

Constructive trusts arise when one by, means of a confidential relation, obtains a legal title under such circumstances as that, according to the rules of equity and good conscience, it would be a fraud upon another to permit a title thus obtained to be held against or to the injury of one whose confidence has been abused. 1 Perry Trusts, section 166.

In such a case, equity, treating that as done which ought

to have been done, will hold him who took the title in violation of his duty, as a trustee by construction or compulsion of law, for the other in whose name the title should have been taken.

It was the appellant's duty, when he ascertained the defect in the title which he was employed to examine and perfect, to inform his client, and to take immediate and diligent steps to perfect it for the latter's benefit. Instead of that the court finds that he obtained an outstanding title in a manner we do not care to characterize, and immediately assailed the very title which he had been employed to perfect, and which his client had warranted to Hadley. The present case finds its exact parallel and counterpart in *Baker* v. *Humphrey*, 101 U. S. 494, in which a conclusion similar to that arrived at here was reached.

It is suggested in the brief that the appellant was entitled to be reimbursed the amount paid for the deed obtained by him from the Keeneys. Perhaps that is true, but he made no such claim in the court below. He fought the case to the end upon the theory that he was entitled to recover the land from his client's vendee. We are unable to discover upon the record that he even asked the court below to modify its judgment, so as to order the repayment to him of the sixteen dollars paid. He chose to stand upon his legal right strictly, and so it must be. Under the circumstances we can not now reverse what we esteem to have been otherwise a proper judgment.

The judgment is therefore affirmed, with costs.

Filed Nov. 10, 1888.