MacDONALD *v.* GREAT LAKES STEEL CORP.

1. MASTER AND SERVANT—MEASUREMENT OF IMPAIRMENT OF EARNING
   CAPACITY.
   Impairment of earning capacity is computed upon the basis of
   the employment engaged in at the time of the injury, notwith-
   standing proviso added to part 2, § 11e, of the workmen's com-
   pensation act by Act No. 376, Pub. Acts 1927, limiting com-
   pensation payable, since it evidences no intent to abolish the
   difference between skilled and unskilled labor nor to affect
   basic computation of compensation (2 Comp. Laws 1929,
   §§ 8425, 8426, 8427b, e).

2. SAME.
   Body of section 11e, part 2, of the workmen's compensation act
   provides method of determining the percentage or degree of
   incapacity to reduce compensation but does not affect the first
   determination of the basic figure, *i. e.*, the earning capacity in
   the employment at time of injury (2 Comp. Laws 1929,
   §§ 8425, 8426, 8427b, e).

3. SAME.
   Rule for ascertaining percentage of impairment of earning ca-
   pacity is inapplicable in case employee is totally incapacitated
   to work in the employment engaged in at time of the injury.

4. SAME—CARPENTER—REEMPLOYMENT AT UNSKILLED LABOR.
   Allowance to carpenter with average weekly wage of $25.20 at
   time of injury who was reemployed by same employer at un-
   skilled labor at $16 a week, of compensation at $9.20 a week
   is affirmed under part 2, § 11e, of compensation act, proviso in
   said section restricting compensation in such event to such
   sum as added to earning capacity in another occupation does
   not exceed average weekly earnings at time of injury (2 Comp.
   Laws 1929, § 8427).

5. STATUTES—LEGISLATIVE POLICY.
   Consideration of justice of statutory rule, as to compensation
   payable to employee for accidental injury, in its general and
   long time administration are for the legislature.

Appeal from Department of Labor and Industry. Submitted June 13, 1934. (Docket No. 45, Calendar No. 37,822.) Decided October 1, 1934.

A. H. MacDonald presented his claim against Great Lakes Steel Corporation, employer, and Michigan Mutual Liability Company, insurer, for compensation for an accidental injury while in the defendant's employ. On petition to stop or reduce compensation. From award made, defendants appeal. Affirmed.

*Charles Bowles,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

FEAD, J. Plaintiff, a carpenter, with "average weekly wage" of $25.20, was injured and compensation fixed at $16.80 per week upon approved agreement. He returned to work for the same employer as a watchman, unskilled labor, at $16 per week. He was still totally disabled as a carpenter. The employer had adopted a code under the National Industrial Recovery Act (15 USCA, § 701 *et seq.*). Under the code plaintiff would have earned $21.80 weekly had he worked full time as a carpenter but his average weekly wage, computed according to statute, would have been $26.16, with compensation, if based thereon, of $17.44.

On petition to stop or reduce compensation the deputy commissioner awarded $3.87 per week, being two-thirds of $5.80, the difference between $21.80, present actual weekly wage of a carpenter, and $16, earned as watchman. The department allowed $9.20 per week, being the difference between $25.20, average weekly wage at time of accident, and $16 now earned. The question is upon the method of computation under the facts.

Section 9 of the compensation act, 2 Comp. Laws 1929, § 8425, provides, for total incapacity for work, weekly compensation equal to two-thirds of the employee's average weekly wage. Section 10 (2 Comp. Laws 1929, § 8426), provides, for partial incapacity for work, weekly compensation of two-thirds "of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter."

Under section 11(b) (2 Comp. Laws 1929, § 8427), the "average weekly wages" are "six times the daily wage, salary or emolument which the injured employee is earning at the time he suffers the accidental injury."

Prior to 1927, section 11(e) (2 Comp. Laws 1929, § 8427), read:

"The weekly loss in wages referred to in this act shall consist of such percentage of the average weekly earnings of the injured employee computed according to the provisions of this section as shall fairly represent the proportionate extent of the impairment of his earning capacity in the employment in which he was working at the time of the accident, the same to be fixed as of the time of the accident, but to be determined in view of the nature and extent of the injury."

In this state of the statutes, except as to rates of compensation, it was held that a skilled workman was entitled to full compensation for an injury as long as he was totally disabled from pursuing his trade (within the statutory period), although he could earn wages at another occupation and his actual earnings therein were more than his original wages at his trade. *Foley* v. *Railway Co.*, 190 Mich. 507; *Jameson* v. *Walter S. Newhall Co.*, 200 Mich. 514 (18 N. C. C. A. 855); *Geis* v. *Packard Motor Car Co.*, 214 Mich. 646.

In 1927 the legislature amended the compensation act in several respects. With the exception of amounts, which were increased, sections 9, 10, 11(b) and 11(e) were reenacted *in haec verba*. But, evidently to remedy the situation above mentioned, the legislature added a proviso to section 11(e), by Act No. 376, Pub. Acts 1927, reading:

"Provided, The compensation payable, when added to his wage earning capacity after the injury in the same or another employment, shall not exceed his average weekly earnings at the time of such injury."

Defendants' contention is that the proviso operated to abolish the distinction between skilled and unskilled labor, so that if the employee retains ability to work in any occupation he is not totally disabled although he cannot work at his trade; he must be treated as partially incapacitated; his compensation is to be computed under section 10; section 10 is to be read in connection with section 11(e); and, in determining "the proportionate extent of impairment of earning capacity" in his trade, changes in labor conditions and wages are to be considered. *Trask* v. *Modern Pattern & Machine Co.*, 222 Mich. 692.

We discover in the proviso added in 1927 no intention to abolish the difference between skilled and unskilled labor pointed out in the cases cited. On the contrary, the reenactment of the body of section 11(e), in the light of the decisions, demonstrates an intention that impairment of earning capacity shall continue to be computed upon the basis of the employment at the time of the injury.

The proviso has no effect upon the determination of the basic computation of compensation. It merely allows a sort of set-off against it. The first

controlling figure in the computation is found from section 9, as to total disability, section 10 as to partial disability, and section 11(b). In both cases the start is made at the average weekly wage at the time of injury.

The body of section 11(e) provides a method of determining the percentage or degree of impairment of earning capacity. As construed in the *Trask Case,* it makes changes in labor and wage conditions factors in finding the "proportionate extent" of impairment. It does not affect the first determination of the basic figure. It operates merely to find the percentage to reduce it. Where continued incapacity to work in the employment at the time of injury is total, there is no occasion for using any rule to find the percentage of impairment. The rule in the *Trask Case* is applicable only on partial incapacity in such employment.

Section 9 and the proviso in section 11(e) govern the rate of compensation at bar. Under section 9 the basic rate was $16.80. Against it the proviso allows such set-off, by reason of earning capacity in another occupation, as will restrict earning capacity plus compensation to $25.20, the average weekly earnings at time of injury.

It would be strange if, under some circumstances and in individual cases, the statutory rule did not work injustice to employer or employee, whether, on general and long-time administration, the rule works justly or otherwise, we cannot say. Such considerations are for the legislature.

The department reached the correct result and the award is affirmed.

Nelson Sharpe, C. J., and Potter, North, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.