SATAWA v. L. A. YOUNG SPRING & WIRE CORP.

1. WORKMEN'S COMPENSATION—EARNING CAPACITY.
   In determining earning capacity of an injured employee after an injury upon application to reduce or stop compensation, compensation is not to be measured by mere temporary or makeshift employment at high wages until after order stopping compensation may be obtained, nor by what the employee actually earns in nondescript employment which is not steady, nor gauged by several other considerations, but is to be measured by the injured employee's capacity to earn wages in the same or another employment (2 Comp. Laws 1929, § 8427).

2. SAME—WAGE-EARNING CAPACITY—QUESTION OF FACT.
   Determination of what an employee's wage-earning capacity is after injury is to be made by the department in the exercise of its sound judgment and discretion as a question of fact, which finding is conclusive on all the parties in the absence of fraud (2 Comp. Laws 1929, §§ 8427, 8451).

3. SAME—FURTHER COMPENSATION—EARNING CAPACITY.
   Award of $13.20 a week on petition for further compensation by woman who was earning $19.80 a week at time of injury to toe and who thereafter averaged $6.60 a week was proper under statute providing that compensation payable, when added to the wage-earning capacity after the injury in the same or another employment, shall not exceed the average weekly earnings at the time of such injury; there being no contention that plaintiff's household services had any money value to be considered in determining amount of compensation to be awarded (2 Comp. Laws 1929, § 8427).

Appeal from Department of Labor and Industry. Submitted October 27, 1942. (Docket No. 19, Calendar No. 42,049.) Decided February 23, 1943.

Helen Satawa presented her claim against L. A. Young Spring & Wire Corporation, employer, and Employers Liability Assurance Corporation, insurer, for injuries sustained in defendant's employ. On petition for further compensation. Award to plaintiff. Defendants appeal. Affirmed.

*Dann & Atlas,* for plaintiff.

*Alexander, McCaslin, Cholette & Buchanan,* for defendants.

BUSHNELL, J.   Plaintiff Helen Satawa, formerly Helen Davidowicz, was in the employ of defendant L. A. Young Spring & Wire Corporation on September 9, 1935, as a common laborer, operating a punch press, and her average weekly wage was $19.80.   She stepped on a piece of broken glass in the dressing room of defendant's plant which pierced the ball of her small toe, causing an infection in her leg and confining her to the hospital for seven or eight weeks.   Three operations were performed and 68 stitches were taken in her leg, resulting in medical expenses of $780.

Mrs. Satawa was awarded and received $13.20 per week for total disability until sometime in July of 1936, when compensation was stopped as a result of a signed agreement in which it is stated that the employee had "fully recovered from all disability as a result of the accident of September 9, 1935," and that employment had been resumed at $19.80 per week.   It is conceded that the reemployment statement was incorrect.   The agreement recited that "if future disability from such injuries shall hereafter develop or if the employee is unable to continue at her work because of disability due to this accident, compensation in the proper amount

shall again be paid to the employee without it being necessary to show a change for the worse in her condition which has lessened her earning capacity.''

Plaintiff was married in November of 1936 and has since had two children. In addition to doing her own housework she has worked intermittently at several department stores and has received pay therefor as follows:

| In the year | 1936 | – | $ 66.73 |
| " " " | 1937 | – | 7.11 |
| " " " | 1938 | – | 127.50 |
| " " " | 1939 | – | 104.63 |
| " " " | 1940 | – | 232.84 |
| " " " | 1941 | – | None |

In 1941 Mrs. Satawa filed a petition for further compensation and the deputy commissioner awarded her compensation in the sum of $10.70 per week from July 28, 1936, to November 9, 1940, and $13.20 per week from that date until further order. On review the deputy's award was modified, the department entering an order awarding her compensation for total disability at the rate of $13.20 per week from July 28, 1936, to November 9, 1940. The department held that:

''The testimony indicates that plaintiff's ability to work became pronounced during the period of August 3d to November 9, 1940. It is indicated that plaintiff worked 15 week ends continuously in a department store during August, September, October and November. Up to that time the plaintiff had not shown a real wage-earning capacity. Also we do not lose sight of the fact that she is a married woman, charged with the duties of caring for her family and household. There is nothing in the testimony to indicate that she was unable to engage in these activities for that period or since. The medical testimony also indicates that the plaintiff has

recovered sufficiently from the result of her accident to be able to return to her former employment. A 'disturbance at the site of the injury' is not evidence of a continuing disability.''

Defendant argues on appeal that the department should have denied plaintiff's petition for further compensation because her earning capacity began on November 10, 1936, and that, in any event, defendant was entitled to be credited with plaintiff's actual earnings between July 27, 1936, and November 9, 1940.

Mrs. Satawa's doctor testified that she is still suffering disability as a result of the 1935 accident because of a circulatory disturbance and nerve destruction and the existence of a ''keloid'' condition, which is an overgrowth of scar tissue. Plaintiff testified that notwithstanding her attempt to work she has suffered pain and discomfort at all times since her accident.

In *Smith* v. *Pontiac Motor Car Co.*, 277 Mich. 652, 657, the court said:

''The earning capacity of the injured employee after such injury and upon an application to reduce or stop compensation is not to be measured by mere temporary or makeshift employment at high wages until after an order stopping compensation may be obtained, nor is it to be measured by what the employee actually earns in nondescript employment which is not steady,—but it is to be measured by the injured employee's capacity to earn wages in the same or another employment. *Trask* v. *Modern Pattern & Machine Co.*, 222 Mich. 692; *MacDonald* v. *Great Lakes Steel Corp.*, 268 Mich. 591; *Hood* v. *Wyandotte Oil & Fat Co.*, 272 Mich. 190.'' * * *

''This present earning capacity of the injured employee * * * is to be determined as a question of fact by the department of labor and industry in the exercise of its sound judgment and discretion based

upon all the facts in the case. This finding of fact upon the part of the department of labor and industry is conclusive on all the parties in the absence of fraud. 2 Comp. Laws 1929, § 8451 (Stat. Ann. § 17.186).''

Fraud is not alleged in the instant case.

Plaintiff's earnings for the weeks she worked during the five years since the accident averaged $6.60 per week. Her average weekly wage at the time of the accident was $19.80. The department's award of $13.20 per week does not conflict with 2 Comp. Laws 1929, § 8427 (Stat. Ann. § 17.161), which provides that the compensation payable, when added to the wage-earning capacity after the injury in the same or another employment, shall not exceed the average weekly earnings at the time of such injury.

It should be noted that although plaintiff married since the accident and has borne two children in addition to doing her own housework, defendants have never contended that plaintiff's household services have any money value that should be considered in determining the amount of compensation that should be awarded to her.

The award of the department of labor and industry is affirmed, with costs to appellee.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred.