Per Curiam.
 

 In these consolidated appeals, plaintiffs appeal by leave granted from opinions and orders of the Worker’s Compensation Appellate Commission affirming a magistrate’s determination regarding the method of calculating plaintiffs’ partial disability benefits. We affirm.
 

 Both plaintiffs sustained partially disabling work-related injuries in 1990 while employed by defendant and have since worked in light-duty positions with reduced earnings. As partially disabled employees, they were entitled to differential worker’s compensation benefits pursuant to MCL 418.361(1), which provides in relevant part:
 

 While the incapacity for work resulting from a personal injury is partial, the employer shall pay, or cause to be paid to the injured employee weekly compensation equal to 80% of the difference between the injured employee’s after-tax average weekly wage before the personal injury and the
 
 *43
 
 after-tax average weekly wage which the injured employee is able to earn after the personal injury ....
 

 Each year, the Bureau of Worker’s Disability Compensation publishes rate tables that convert an average weekly wage into eighty percent of the after-tax average weekly wage for that year. MCL 418.313. These tables are consulted to compute the difference between the after-tax value of a partially disabled employee’s average weekly wage at the time of the injury and the after-tax value of subsequent wages.
 

 At issue is which rate tables should be used in calculating plaintiffs’ differential benefits. Defendant calculated the benefits by taking plaintiffs’ average weekly wages earned during the years after they were injured and converting these wages to after-tax average weekly wages by using the rate table published for the year in which the postinjury wages were earned. Defendant then compared that figure to plaintiffs’ after-tax average weekly wage found in the rate table published for 1990, the year of injury, to determine the difference. Plaintiffs’ position was that the year-of-injury rate table should be consulted for both the wages at the time of the injury and for all subsequent earnings. The magistrate disagreed and concluded that postinjuiy wages must be determined by means of the rate table in effect at the time those wages were earned. The wcac found no legal error and affirmed.
 

 On appeal, plaintiffs contend that the magistrate and wcac should have concluded that partial disability benefits must be calculated by applying the rate table for the year the injury occurred to all subsequent earnings. We disagree. Questions of law involved in any final order of the wcac are reviewed de novo.
 
 *44
 

 Mudel v Great Atlantic & Pacific Tea Co,
 
 462 Mich 691, 697, n 3; 614 NW2d 607 (2000).
 

 As noted by the magistrate and the wcac, the question of which rate table to consult in calculating differential benefits under subsection 361(1) of the Worker’s Disability Compensation Act is one of first impression for this state’s courts. However, the issue has been addressed by the wcac. In
 
 McCalla v Marine City Nursery, Inc,
 
 1997 Mich ACO 504, the plaintiff was partially disabled in 1987 and had reduced earnings in 1991. The WCAC concluded that when calculating the plaintiff’s differential benefits, the 1991 rate table rather than the 1987 table should be applied to his 1991 earnings:
 

 Section 361 refers to “the after-tax average weekly wage which the injured employee is able to earn after the personal injury.” In order to determine the after tax amount of earnings in any given year after the year of injury it is necessary to apply the rate table for the year those earnings were received in order to comply with the statutory mandate that the after tax earnings be used to determine the partial rate. It is precisely because the tax laws and regulations alter the after tax amount in each different year that there is a new Rate Table for each ensuing year. If an employee has earnings in 1991, the after tax amount of those earnings is determined by the tax regulations in that year and in no other year. As a result, it is necessary to employ the 1991 Rate Table to determine the proper after tax amount of earnings in 1991. By applying the 1987 Rate Table to plaintiff’s earnings after 1987, defendants do not accurately determine the after tax amount of plaintiff’s subsequent earnings in different years. This is contrary to the statutory mandate in section 361(1).
 

 In summary, the proper method for calculating partial disability benefits is to apply the Rate Table for the date of
 
 *45
 
 injury to plaintiff’s average weekly wage at the time of injury .... For any subsequent years, the Rate Table for the year of the earnings will be used to determine the after tax amount of subsequent earnings. [1997 Mich ACO 504 at 6.]
 

 McCalla's method of computation was approved and applied in
 
 Mayse v Wirt Transport Co,
 
 1997 Mich ACO 528, and the same method was adopted in
 
 Wiggins v Detroit,
 
 2000 Mich ACO 180. See also Welch, Worker’s Compensation in Michigan: Law & Practice (4th ed), § 15.5, p 15-6.
 

 We believe that
 
 McCalla
 
 represents a sound approach that is consistent with the language of MCL 418.361(1). In reaching this conclusion, we reject plaintiffs’ contention that
 
 MacDonald v Great Lakes Steel Corp,
 
 268 Mich 591; 256 NW 558 (1934), requires a different result.
 
 MacDonald
 
 did not involve a comparison of after-tax earnings before and after an injury, and, more importantly, its observation that the start of the differential calculation is the average weekly wage at the time of the injury,
 
 id.
 
 at 595, is consistent with
 
 McCalla.
 
 Further, while we are mindful of plaintiffs’ public policy argument, we must conclude that using the year-of-injury rate table for both wages earned at the time of injury and for earnings in subsequent years would be inconsistent with the language of MCL 418.361(1) requiring a comparison of the injured employee’s after-tax average weekly wage before the injury and the “after-tax average weekly wage which the injured employee is able to earn after the personal injury . ...” If plaintiffs’ computation method were adopted, the after-tax average weekly wage they would be able to earn in the years after they were injured would be disregarded contrary to the plain language of the statute. We therefore hold
 
 *46
 
 that when calculating partial disability benefits under MCL 418.361(1), the rate table for the year in which the claimant was injured should be consulted to determine a worker’s average weekly wage at the time of injury, but for subsequent years in which wages were earned, the rate table for the year of those earnings should be consulted.
 

 Affirmed.